IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LaMONT JAMES WILLIAMS, AIS # 308250, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:26-CV-597-WKW [WO] |
| JOHN CROW and STEVEN T. MARSHALL, | ) ) ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner LaMont James Williams, a state inmate proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. # 1.) The court has reviewed the § 2254 petition and determined that it cannot be properly and effectively processed without an answer from Respondent.

Accordingly, the Clerk of Court is DIRECTED to issue the appropriate summons in this case, including a copy of the petition (Doc. # 1) and this Order to the Attorney General for the State of Alabama and to John Crow, Warden of Elmore Correctional Facility. An answer must be filed with the court on or before **August 24, 2026**, and served on Petitioner pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* [hereinafter *Rules Governing § 2254 Cases*].

Respondent must comply with Rule 5 of the *Rules Governing § 2254 Cases*, which requires, in part, that the answer "indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed." Rule 5(c), *Rules Governing § 2254 Cases*. Respondent must attach to the answer any portions of the transcript relevant to and necessary for a disposition of the issues presented by Petitioner.

Respondent also must specifically reference 28 U.S.C. § 2244(d), which provides the limitations period for filing habeas petitions. The answer must contain procedural history from which the court can determine the applicability of § 2244(d). Respondent must provide the court with copies of documents indicating the disposition of the case in the state appellate court, including but not limited to the case action summary maintained by the trial court, all state appellate court decisions, the docket sheet(s) indicating the dates of those decisions, and copies of trial and appellate briefs filed in the state court.

Respondent also must inform the court whether this is Petitioner's first habeas petition challenging the conviction(s) on which the petition is based. If it is not the first, Respondent must provide the court with the disposition of each previous petition. This information is relevant to the disposition of this case, as 28 U.S.C. § 2244(b)(3)(A) requires that, "[b]efore a second or successive application permitted

by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Respondent is advised that a prior petition dismissed for failure to exhaust state remedies does not render a subsequent petition successive.

Title 28 U.S.C. § 2254(d)(1) constrains the power of a federal court to grant a state prisoner's application for habeas corpus relief regarding claims adjudicated on the merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) 'contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if . . . the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Further, a federal court cannot grant relief under the habeas statute regarding a claim adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

If Respondent contends this court may not grant habeas relief because Petitioner's claims have been properly adjudicated by the state courts in decisions that are neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, Respondent must identify the decision of the state court on each claim.

If Petitioner has not raised his federal claims in the state courts and has an available state court remedy to present such claims, Respondent must identify the remedy available. The court deems such action necessary because an application for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). In addition, if this court is barred from reviewing Petitioner's claims due to his failure to properly present the federal claims to the state courts, Respondent must identify the defaulted claim(s) and provide a basis for the procedural default.

If Petitioner alleges ineffective assistance of counsel or insufficiency of the evidence **and** these claims must be addressed on their merits, Respondent must file the entire trial record. The entire trial record should also be filed if Respondent asserts that a ruling of the trial court is entitled to a presumption of correctness or if he defends on grounds that a particular ruling did not render the trial "fundamentally unfair" or that a particular error is "harmless error." The court recognizes that the

burden of producing the state court record is sometimes unduly onerous.  However, under the procedure governing habeas corpus actions, "[t]he obligation to come forward with the state court record is squarely upon the respondent, not upon the petitioner." *Bundy v. Wainwright*, 808 F.2d 1410, 1415 (11th Cir. 1987).

No motion for summary judgment, motion to dismiss, or any other dispositive motion addressed to the petition may be filed without permission of the court.  If a document denominated as a motion for summary judgment, motion to dismiss, or other dispositive motion is submitted to the court, it will not be treated as a dispositive motion without further order from the court.

All amendments to the petition must be accompanied by a motion to amend and must be filed within **90 days** from the date of this Order.

The Federal Rules of Civil Procedure require that Petitioner mail to the lawyer for Respondent a true copy of anything sent to the court.  Consequently, Petitioner is advised that he should mail to the Attorney General for the State of Alabama a true copy of anything that he sends to the court.  Failure to do so may result in delaying resolution of this case.  Anything sent to the court should specifically state that it has been sent to the Attorney General for the State of Alabama.  **Petitioner is specifically cautioned that a failure to file motions, pleadings, or other documents that conform with the Federal Rules of Civil Procedure or this Order may be stricken by the court.**

Additionally, Petitioner must immediately inform the court and Respondents (or Respondents' counsel of record) of any change in his address. For example, if Petitioner is transferred to a new correctional facility or released from confinement, he must file a notice of the change in his address. **Failure to provide notice of a correct address within 14 days following any change of address will result in the dismissal of this case.** Petitioner also must diligently prosecute this case or face the possibility that it will be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

DONE this 3rd day of August, 2026

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE